UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

David Konze

    v.                                      Civil No. 19-cv-1210-JL

Town of Hampstead, New Hampshire,
Kathleen David, Police Officer John Doe #1,
Police Officer John Doe #2, and Police Officer
John Doe #3

**MEMORANDUM ORDER**

The defendants' motion to dismiss this case brought under 42 U.S.C. § 1983 turns on whether the plaintiff, David Konze, pleads facts against the Town of Hampstead and three of its police officers that state a claim for relief. Konze claims that Hampstead police officer Joseph Bozek[1] urged him to leave Hampstead during a visit to the condominium where Konze rented a room, causing him to leave the home and his belongings behind. He also alleges, in a conclusory manner, that Hampstead police officers engaged in a harassing pattern of behavior against him. Because Konze grounds his claims in the United States Constitution through § 1983, this court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question).

---

[1] Konze identifies this officer in the complaint as "Officer Bozak."

The Town and all three officers move to dismiss Konze's complaint, arguing that he has failed to state a claim against any of them.[2] The court agrees. Konze's claims against the Town and all three officers must be dismissed because he fails to assert facts that, even under the generous pleading standards afforded to pro se plaintiffs, allege a constitutional violation.

I. **Legal standard**

When resolving a motion to dismiss under Rule 12(b)(6), the court must determine whether the plaintiff has stated a claim to relief by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015) (quotations omitted). In doing so, the court "begin[s] by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (internal quotations and original alterations omitted). The court then treats the "[n]on-conclusory factual allegations in the complaint . . . as true," id., and draws all reasonable inferences in the plaintiff's favor, Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). In light of Konze's pro se status, the court holds his complaint "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

---

[2] Mot. to Dismiss (doc. no. 30).

## II. Background

The following recitation of facts takes this approach. Sometime in 2018, Konze began renting a third-floor room from Kathleen David at a condominium on Steeplechase Drive in Hampstead. Konze generally alleges that Hampstead police officers engaged in a pattern of harassing him after he moved in, in the sense that he "had upwards of 10 police contacts" with Hampstead police officers during his tenure there, "only two of which were for legitimate cause."[3] He recites only two of these alleged contacts in the Amended Complaint.

First, he claims that Hampstead police officers targeted him when Officer Allen Randell pulled over someone driving his car in 2018. Upon realizing Konze was not driving the vehicle, Officer Randall allegedly apologized, acknowledged the driver was not Konze, and "walked back to his cruiser and drove off[.]"[4]

The bulk of his allegations concern the second alleged contact, a visit from Officers Bozek and Alan Fratus to the Steeplechase Drive condominium on September 13, 2019. Konze alleges that, upon arriving, Officer Fratus remained outside while Officer Bozek "asked Konze if he was 'Smoking Crack' then entered/barged into the residence . . . and called [Konze's] MA License Number" to headquarters.[5] Officer

---

[3] Amended Compl. (doc. no. 26) ¶¶ 10-11. Those for "legitimate cause" were related to an automobile accident. Id. ¶ 11. The court quotes Konze's Amended Complaint verbatim, except where otherwise indicated.

[4] Id. ¶¶ 8-9. This is the sole allegation against Officer Randell.

[5] Id. ¶¶ 12-14. This is the sole allegation against Officer Fratus.

3

Bozek then "interrogated Konze" inside the condominium, and "'Strongly Suggested' that Konze move out of Hampstead, stay out of Hampstead and 'Move to Haverhill.'"[6] Konze alleges that he left the condominium three days later as a result of this interaction, and that though he tried to obtain his belongings or arrange a time to do so on multiple occasions, he was unable to so because the locks had been changed.[7]

Konze then brought this civil rights action against the Town of Hampstead, Officers Randall, Bozek, and Fratus, and his former landlord, Ms. David. He asserted one claim for violations of the Fifth, and Fourteenth Amendments of the United States Constitution, see 42 U.S.C. § 1983, and sought declaratory judgment of the same, declaratory judgment that the defendants violated unspecified provisions of New Hampshire's Constitution and common law, and damages, costs, and fees.[8] He then amended his complaint as of right, see Fed. R. Civ. P. 15(a)(1)(B), to allege additional misconduct by the police officers, but his claims remain the same and he seeks the same relief.

The court construed a motion to dismiss by defendant Kathleen David as against the amended complaint and granted it under Rule 12(b)(6) because she is not a state actor for § 1983 purposes and because Konze failed to plead any other claim against her.[9] It

---

[6] Id. ¶¶ 14-15. Konze alleges that Officer Fratus never entered the condominium.

[7] Id. ¶¶ 16-19.

[8] Compl. (doc. no. 1) ¶¶ 32-39.

[9] Order of Feb. 28, 2020 (doc. no. 25) at 4-5.

4

also denied without prejudice the Town's original motion to dismiss the original complaint in light of Konze's amendments.[10]

## III. Analysis

Konze brings one claim through § 1983 for alleged violations of the United States Constitution.[11] Specifically, he alleges that the defendants' actions deprived him of "his right to be free from harassment," constituted an illegal search without probable cause prohibited by the Fourth Amendment, and denied him the process due under the Fifth and Fourteenth Amendments.[12] He also seeks "[a] declaration that the Defendant[s'] conduct violated the 4th, 5th, and 14th [A]mendments" and his "[r]ights under the State of New Hampshire Constitution and State Common Law in the matters alleged herein," as well as compensatory and punitive damages and attorneys' fees and costs.[13]

The Town and the officers move to dismiss these claims, arguing correctly that Konze has not pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Martinez, 792 F.3d at 179. The

---

[10] Id. at 4.

[11] Konze also alludes to "rights secured under the Constitution of New Hampshire, Article 19, and the common law of the State of New Hampshire," Amended Compl. ¶ 5, though seeks only declaratory judgment of a violation of these rights, id. ¶ 34. As the court has previously observed, his "mere allusion to potential sources of declaratory relief, without more, fails to state a claim." Order of Feb. 28, 2020 at 3. And, in any event, Konze has repudiated any such claims, clarifying in his objection that he "does not intend on asserting State Law claims against the Town or its Police Officers." Obj. (doc. no. 31) ¶ 25.

[12] Amended Compl. ¶ 33.

[13] Id. ¶¶ 34-38.

claims against both the Town and the officers must be dismissed because Konze has not pled a constitutional violation. And even if he had, the claim against the Town would still require dismissal because he has not pled a Town policy, custom, or practice required to state a claim under Monell v. v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

### A. Claims against Officers Randell, Fratus, and Bozek

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. Konze does not allege an unreasonable search. Indeed, Konze does not allege any search, whether of himself or of any area in the Steeplechase Drive condominium, by any of the three officer defendants. He also does not allege that the officers entered, let alone searched, his third-floor room in the condominium.

Nor does Konze allege that he was seized in any matter that might constitute a violation of the Fourth Amendment. "While the Fourth Amendment protects against unreasonable searches and seizures, not all encounters between law enforcement officers and citizens constitute seizures." United States v. Smith, 423 F.3d 25, 28 (1st Cir. 2005). And while "a seizure may certainly occur without actual physical restraint," in the "absence of evidence of coercion, 'otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person.'" Id. (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)).

First, Konze fails to plead any interaction whatsoever with Officers Randell and Fratus, let alone a constitutional claim against them. He alleges that Officer Randell stopped someone else driving his car and, after confirming Konze was not the driver, took no further action.[14] His sole allegation against Officer Fratus is that, on September 13, 2019, Officer Fratus "arrived [at] but didn't enter the [Steeplechase] residence."[15] In short Konze has not alleged any interaction with Officers Randell or Fratus. And an officer's "mere presence at the scene, without more, does not by some mysterious alchemy render him legally responsible under section 1983 . . . ." Calvi v. Knox Cty., 470 F.3d 422, 428 (1st Cir. 2006). The mere presence of police officers in the vicinity of Konze's vehicle or person, under these circumstances, is simply insufficient to state a claim for a violation of the Fourth Amendment.[16]

Konze does plead an interaction with Officer Bozek. He claims that Officer Bozek entered the Steeplechase Drive condominium, asked him a few questions, and

---

[14] Amended Compl. ¶¶ 8-9. In his objection, Konze explains that he "did have one other contact with officer Randell [sic] on Steeplechase Drive due to the plaintiff's seemingly bizarre behavior." Obj. ¶ 7. This allegation does not appear in the Amended Complaint, which describes the bounds of the facts the court may consider in addressing the motion before it. See Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) ("When ruling on a Rule 12(b)(6) motion to dismiss, a district court is generally limited to considering "facts and documents that are part of or incorporated into the complaint.") (quotations omitted). Even if it did, Konze appears to concede that this contact was reasonable in light of his own "seemingly bizarre behavior." Obj. ¶ 7.

[15] Amended Compl. ¶¶ 12, 14.

[16] Even had Konze invoked a claim under Article 19 of the New Hampshire Constitution, which "may be more protective of individual rights than the" Fourth Amendment of the United States Constitution, State v. Pellicci, 133 N.H. 523, 531 (1990), this lack of interaction provides no basis for such a claim. In any event, as discussed supra, Konze has repudiated any such claim.

7

"[s]trongly [s]uggested" he leave town, which he did.[17] But these bare allegations of an interaction do not amount to a constitutional claim: he alleges no coercion, compulsion, physical restraint, search, or anything beyond a few words exchanged.[18] Konze has therefore failed to plead an unreasonable seizure by Officer Bozek.

Konze also purports to bring claims under the Fifth and Fourteenth Amendments against the three officers. But the Amended Complaint contains no factual allegations whatsoever of any actions by any of the officers that might constitute a due process violation. And the court in this posture "disregard[s] statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12. Konze has therefore failed to state a claim against any of the officers under the Fifth or Fourteenth Amendments.

Officers Randell and Fratus suggest, via footnote, that "[t]he Court should consider an award of costs" for these claims, which they characterize as "bad faith."[19] The court is not prepared to go so far in this case without an affirmative request for such

---

[17] Amended Compl. ¶¶ 12-16. At oral argument, Konze explained that Officer Bozek conducted something more than a plain-view search of the room he entered during his five minutes in the condominium, but no details supporting the conclusion that Officer Bozek searched the room appear in Konze's Amended Complaint.

[18] In his objection, Konze elaborates that Officer Fratus stood "directly in front of the Unit's front door and only exit" which, coupled with Officer Bozek's presence inside, caused Konze to feel "as if he was unable to leave . . . ." Obj. ¶ 8. This allegation does not appear in the Amended Complaint and thus is not considered. See Giragosian, 547 F.3d at 65. Even if it did, and even if rendered the officers' actions a seizure, Konze does not allege facts suggesting it was an unreasonable one.

[19] Mem. in Supp. of Mot. to Dismiss (doc. no. 30-1) at 5 n.3, 6 n.4.

relief.[20]  It acknowledges the cost to the residents of the Town of defending against Konze's allegations and cautions Konze—a repeat litigant in this court—that he may, in the future, be required to bear the costs the defendants to his legal actions incur when litigating against baseless claims.

### B. Claim against the Town of Hampstead

Konze also attempts to hold the Town of Hampstead liable under § 1983 for alleged violations of the Fourth, Fifth, and Fourteenth Amendment.  He bases that claim specifically on the allegedly unconstitutional actions of Officers Randell, Fratus, and Bozek and, more generally, on an alleged pattern of harassment by Hampstead's police officers.  But Konze has not stated a claim against the Town on either basis.

First, he has not stated a claim against the Town arising from the specific actions, described in the Amended Complaint, of Officers Randell, Fratus, and Bozek.  "[I]t is only when a governmental unit's employee inflicts a constitutional injury that the governmental unit can be held liable under section 1983."  Calvi, 470 F.3d at 429.  As discussed supra Part III.A, Konze has not alleged any constitutional injury inflicted by these officers.  So the Town cannot be held liable in this case for the specific actions of the officers alleged in the Amended Complaint.

Konze also alleges, more generally, a pattern of harassment arising from the ten encounters he claims to have had with Hampstead police officers, beginning with Officer Randell stopping someone else driving Konze's car in 2018 and culminating with

---

[20] And counsel should not construe this as encouragement to make such a request.

Konze's ultimate departure from Hampstead in September 2019.[21] He describes only two of those encounters—and only one for which he was present.[22] Even assuming that Konze has pled a potential constitutional violation through these threadbare factual allegations—which he has not—he has failed to plead action by the Town of Hampstead giving rise to these alleged violations.

To bring a § 1983 claim against a municipal body, Konze must plead more than that he had encounters with its officers. "A city may only be held liable under § 1983 only for its own unconstitutional action." Whitfield v. Melendez-Rivera, 431 F.3d 1, 9 (1st Cir. 2005) (citing Monell, 436 U.S. 658, 691) (emphasis original). It "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell, 436 U.S. at 694. Thus, "a plaintiff who brings a section 1983 action against a municipality bears the burden of showing that, 'through its deliberate conduct, the municipality was the moving force behind the injury alleged.'" Haley v. City of Boston, 657 F.3d 39 (1st Cir. 2011) (quoting Bd. of Cnty Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404 (1997)).

Konze does not plead any such action by the Town. At most, he pleads generally that: (1) the Town is "ultimately responsible" for the police department that it

---

[21] Amended Compl. ¶ 11.

[22] Id. at 8-9, 12-16. Konze does concede, as discussed above, that two of these encounters were "for legitimate cause." Id. at 11. In his objection, he concedes that a third resulted from his "seemingly bizarre behavior," which he ceased after a conversation with Officer Randell. Obj. ¶ 7.

maintains;[23] (2) the officers "were at all relevant times . . . [e]mployees and agents of the Hampstead Police Department, a municipal agency of the Town," and that they "were on duty" at the relevant time;[24] and, generally, (3) their actions "were the result of the failure of the Town of Hampstead to properly train, supervise and discipline its officers."[25] But in the Rule 12(b)(6) context, the court "disregard[s] statements in the complaint," like these, "that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12.

Konze repeatedly argues that "the discovery phase of the proceedings in the matter will determine if the officers['] conduct was a matter of the Town's policies, customs, practices and/or the Town's failure to train, supervise and discipline its officers."[26] And at oral argument, Konze explained that his allegations against the officers, taken as a whole, constituted part of an apparent practice by the Town governing interactions with him, specifically. While true that plaintiffs often lack access to the evidence necessary to prove a claim before discovery commences, it is incumbent on the plaintiff at least to plead facts from which "the court [may] draw the reasonable inference that the defendant is liable for the misconduct alleged." Martinez, 792 F.3d at 179. Konze has not done so here, when the bare facts pleaded in the Amended Complaint are that the plaintiff

---

[23] Amended Compl. ¶ 23.

[24] Id. ¶¶ 24-25.

[25] Id. ¶ 29.

[26] Obj. ¶¶ 2, 11, 13.

encountered police officers "upwards of 10" times in fifteen months,[27] eight of those encounters go undescribed, the two described do not begin to approach constitutional violations, and he has failed to plead action by the Town as the cause of those alleged violations.

## IV. Conclusion

Konze has failed to plead claims against the Town of Hampstead or its police officers named as defendants in this action. The defendants' motion to dismiss the Amended Complaint[28] is therefore GRANTED. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 19, 2020

cc: David Konze, pro se
     Dona Feeney, Esq.

---

[27] Amended Compl. ¶ 11.

[28] Doc. no. 30.